J-A19028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LIBERTY PHILADELPHIA REO, LP<br><br>Appellant<br><br>v.<br><br>EFL PARTNERS, V, L.P., EFL PARTNERS X, L.P. AND<br>EFL PARTNERS IX, L.P., EFL PARTNERS I, L.P.,<br>LISE A. MILLER AND JOHN J. KONTRA | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 3396 EDA 2015 |

Appeal from the Order Entered October 8, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 100100314

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                **FILED SEPTEMBER 08, 2016**

Liberty Philadelphia REO, LP (Liberty) appeals from the order entered in the Court of Common Pleas of Philadelphia County on October 8, 2015, denying its petition to fix fair market value of the Spruce Street Properties, owned by debtors EFL Partners V, LP, and EFL Partners X, LP (collectively EFL).[1]  In this timely appeal, Liberty argues the trial court erred in denying the petition: (1) based upon a purported lack of jurisdiction due to the matter being on appeal; (2) when EFL failed to take the necessary steps to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We will explain the identities of all the defendant/appellees *infra*.

stay execution on a money judgment during the pendency of the appeal; and (3) without tolling the statutory six-month period for the filing of such petition. After a thorough review of the submissions by the parties, relevant law, and the certified record, we agree with Liberty that the trial court erred in determining it lacked the jurisdiction to entertain the petition due to the pendency of an appeal of other aspects of the matter. Accordingly, we reverse and remand for action consistent with this decision.

EFL has filed their own appeal, consolidated with this appeal by order of our Court dated December 10, 2015. That appeal is predicated on the assumption that the trial court correctly dismissed Liberty's petition to fix fair market value and claims the statutory six-month period for filing a petition to fix fair market value has expired, thereby preventing Liberty from refiling the petition. As will be discussed below, that argument is unavailing.

This matter arises from a confessed judgment taken against EFL on January 5, 2010, in the amount of $11,214,861.05, plus per diem interest and attorneys' fees and costs. Liberty is the successor in interest to Republic First Bank (Republic) which had loaned money to EFL for the development of the Waterbridge Properties.[2] The procedural history of this

---

[2] EFL Partners V and EFL Partners X (EFL) borrowed approximately $7.5 million from Republic. This amount was later increased to approximately $7.8 million and then to approximately $9.5 million. EFL were the named parties on the promissory note, which was subject to a suretyship and guarantee agreement from EFL Partners IX, LP; EFL Partners I, LP; John J.
*(Footnote Continued Next Page)*

matter defines tortured,[3] and includes multiple and overlapping appeals of a variety of issues.

As best as we can discern, on February 26, 2010, EFL filed a petition to open/strike the confessed judgment. The petition was denied and EFL appealed (the first appeal), claiming the trial court had failed to, *sua sponte*, examine the reasonableness of the award of attorneys' fees.[4] While this appeal was pending, Republic executed on the judgment and caused the sale of the Waterbridge Properties. While the appeal was still pending, on April 4, 2011, Republic filed a motion to fix fair market value, a hearing for which was scheduled on May 12, 2011. That hearing was later rescheduled to June 23, 2011. However, on June 8, 2011, a panel of this Court issued its decision in the first appeal, vacating the judgment and remanding for a hearing on the reasonableness of the attorneys' fees. **See Republic v. EFL Partners**, 31 A.3d 738 (Pa. Super. 2011) (unpublished memorandum).

On June 24, 2011, in response to the Superior Court decision, but before the certified record had been returned to the trial court,[5] Republic

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Kontra, Jr.; and Lise A. Miller. We believe this explains the identities of the defendant/appellees.

[3] In this, we agree with the trial court's assessment of the history of this matter. **See** Trial Court Opinion, 12/10/2015 at 1.

[4] The attorneys' fees were approximately $1.5 million.

[5] The order vacating judgment pursuant to the Superior Court's decision was not docketed until July 27, 2011.
*(Footnote Continued Next Page)*

filed a motion to modify the confessed judgment by eliminating the award of attorneys' fees. On June 23, 2011, the hearing on the motion to fix fair market value was continued to September 13, 2011. In the interim, despite Republic having filed a motion seeking to forego attorneys' fees, pursuant to the Superior Court order, the trial court scheduled a hearing for August 2, 2011 to consider the reasonableness of the attorneys' fees. Nevertheless, on July 12, 2011, the trial court entered an order amending the confessed judgment by eliminating the award of attorneys' fees. However, the order left the per diem interest rate as stated in the original judgment. On July 27, 2011, as previously noted, the Superior Court's order vacating judgment and remanding for a hearing was docketed. On August 9, 2011, EFL filed its second appeal, this time claiming the trial court did not have the authority to act upon Republic's motion to modify in light of the Superior Court's order vacating judgment. A panel of this Court found EFL's claim waived on appeal.[6]

In February, 2013, a hearing was held to fix fair market value, after which the trial court determined the fair market value of the Waterbridge Properties be $8.4 million, leaving a deficiency judgment of approximately

_(Footnote Continued)_ ―――――――――――

[6] Essentially, EFL argued the entire judgment was stricken, thereby returning the matter to the procedural standing prior to the entry of the confessed judgment. The Superior Court found this argument to have been waived. *See Liberty v. EFL Partners V, LP and EFL Partners X, LP.*, 55 A.3d 141 (Pa. Super. 2012) (unpublished memorandum).

$4 million. EFL appealed (the third appeal) challenging the fair market value determination and the per diem rate. The Superior Court upheld the determination of fair market value but reversed the per diem determination. *See Liberty v. EFL*, 100 A.3d 292 (Pa. Super. 2014) (unpublished memorandum). EFL then appealed that part of the order upholding the fair market value to the Pennsylvania Supreme Court. While that appeal was pending, the trial court, pursuant to the Superior Court order, recalculated the per diem interest from $2,444.31 to $498.69, and reduced the deficiency judgment to approximately $2.6 million. *See* Order, 6/18/2014. EFL subsequently appealed (the fourth appeal) that recalculation, arguing the trial court had no jurisdiction to act while the Supreme Court appeal was pending. In June, 2015, the Supreme Court denied allowance of appeal regarding the third appeal, thereby allowing the previously determined fair market value of the Waterbridge Properties to stand. *See Liberty v. EFL*, 117 A.3d 298 (Pa. 2015) (table).

Because a deficiency judgment remained, and EFL had not posted a supersedeas bond, Liberty sought execution against the **Spruce Street Properties**, the property that is the subject of the instant appeal. The property was sold at sheriff's sale while the fourth appeal[7] was pending.

---

[7] The appeal to the Superior Court challenging the jurisdiction of the trial court to recalculate the *per diem* and deficiency judgment while the Supreme Court appeal was pending.

Thereafter, on October 6, 2015, Liberty filed its petition to fix fair market value. This petition was denied by the trial court on the grounds the fourth appeal was still pending. *See* Order, 10/8/2015. Although reconsideration was denied, the trial court amended its original order specifically allowing Liberty to refile its petition to fix fair market value "when the appellate court returns/relinquishes jurisdiction back to the trial court." *See* Order 10/27/2015. Our review of the certified record and of appellate records leads us to believe the fourth appeal was resolved by our Court on September 15, 2015. *See Liberty Philadelphia REA* [sic], *LP v. EFL partners V, LP & EFL Partners X, LP*, 2015 WL 6550771 (Pa. Super. 2015) (unpublished memorandum). EFL sought reargument, which was denied in November, 2015. The certified record appears to have been returned to the trial court by mid-April, 2016.[8]

The central question before us is whether the trial court retained subject matter jurisdiction over the matter while it was still pending on appeal. "Because the question of subject matter jurisdiction is purely one of law, our standard of review is *de novo,* and our scope of review is plenary." *In re B.T.*, 82 A.3d 431, 434 (Pa. Super. 2013) (citation omitted).

Here, when Liberty sought to fix the fair market value of the Spruce Street Properties, the trial court denied the motion pursuant to Pa.R.A.P.

---

[8] The Superior Court docket shows the acknowledgement of record remittal to the court of common pleas on April 13, 2016.

1701(a) that, generally, divests the trial court of jurisdiction over a matter once an appeal has been taken. Specifically, the rule states:

> **(a) General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

Pa.R.A.P. 1701(a).

Relevant to this matter, are the exceptions provided at Pa.R.A.P. 1701(b)(1) and (c), which state:

> **(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> (1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or **otherwise ancillary** to the appeal or petition for review proceeding.
>
> \*\*\*
>
> **(c) Limited to matters in dispute.** Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa.R.A.P. 1701(b)(1), (c) (emphasis added).

After a thorough review of this matter, we are convinced Liberty's petition to fix fair market value of the Spruce Street Properties was ancillary

- 7 -

to the then pending fourth appeal. Additionally, we believe the limited issue involved in the fourth appeal did not operate to divest jurisdiction from the trial court regarding the wholly separate issue involved in Liberty's petition. Accordingly, we hold that 1701(b)(1) and (c) applies.

The Rules of Appellate Procedure do not define what constitutes an ancillary proceeding. However, "ancillary" is generally defined as:

> Subordinate; aiding. A legal proceeding that is not the primary dispute but which aids the judgment rendered in or the outcome of the main action. A descriptive term that denotes a legal claim, the existence of which is dependent upon or reasonably linked to a main claim.

West's Encyclopedia of American Law, ed. 2, 2008, The Gale Group, Inc.

Here, Liberty sought to fix the fair market value of the Spruce Street Properties while the issues on appeal addressed questions directly related to the valuation the Waterbridge Properties; the issue before the Superior Court was whether the trial court could amend the amount of the deficiency judgment and per diem rate while the Supreme Court appeal was pending.[9] The valuation of the Spruce Street Properties was not the primary dispute that was on appeal, although it was reasonably linked to the main issue, the satisfaction of the confessed judgment. Accordingly, we believe the trial

_____

[9] We reiterate that the Supreme Court declined to accept EFL's appeal regarding the fair market value of the Waterbridge properties in June of 2015. Accordingly, only EFL's appeal regarding the trial court's jurisdiction to determine per diem interest was pending at the time Liberty filed the petition to fix fair market value of the Spruce Street Properties was filed.

court erred when it determined it had no jurisdiction to decide the petition to fix the fair market value.

Nonetheless, even if we are incorrect regarding the ancillary nature of Liberty's petition to fix fair market value, the subject matters of the pending appeal and the petition were sufficiently distinct to allow for the application of 1701(c).

EFL had challenged the determination of fair market value of the Waterbridge Properties and the trial court's subsequent recalculation of the per diem interest rate. Both of these issue arose from the Superior Court's resolution of ESL's third appeal. Rule 1701(c) allows a trial court to retain jurisdiction and proceed on matters when only a "particular item, claim or assessment" is at issue in the pending appeal. The underlying subject matter of EFL's then pending fourth appeal was the amount of the deficiency judgment and the per diem interest rate calculation performed by the trial court. The limited nature of that appeal operated to give effect to Rule 1701(c), allowing the trial court to proceed on matters not involved in the appeal.

We believe our resolution of this matter is supported by our Court's prior determination of EFL's fourth appeal, wherein EFL argued the trial court did not have jurisdiction to recalculate the deficiency judgment and per diem rate while the prior appeal was pending before the Supreme Court. However, a panel of our Court held, based on Pa.R.A.P. 1701(b)(1) and (c),

that the trial court did have said jurisdiction. In relevant part, our Court stated:

> Liberty argues that the interest calculation was not at issue in the petition for allowance of appeal; therefore, the calculation falls under the exception set forth in Rule 1701(b)(1) and (c). Liberty's Brief at 16. We agree.
>
> In its last appeal to this Court, EFL set forth two issues. First, it challenged the fair market value calculation. Second, it challenged the trial court's calculation of interest. This Court held that the fair market value calculation was correct, but the interest calculation was incorrect. In other words, EFL won on the issue of the interest calculation; therefore, its petition for allowance of appeal to our Supreme Court concerned only the fair market value issue. Accordingly, the issue as to interest was no longer in dispute, and the trial court properly acted in recalculating the judgment.

***Liberty v. EFL***, 2015 WL 6550771, at *3.

In light of the above, we find the trial court erred in not applying Rule 1701(c), which would have allowed the trial court to act upon Liberty's petition to fix fair market value.

Because of our resolution of this matter based upon Liberty's first issue, we need not address Liberty's second and third issues.[10]

---

[10] We also note that EFL has not challenged the propriety of the Sheriff's sale at which the Spruce Street Properties were sold. That sale took place in April 2015, during the pendency of the Supreme Court appeal. Indeed, there is no question that the sale of the Spruce Street Properties was proper despite the pending appeal. It is logical that the trial court would retain the jurisdiction to undertake any subsequent action directly related to Sheriff's sale.

- 10 -

In the consolidated appeal, EFL argues "Liberty's right to re-file a petition to fix fair market value of the Spruce Street Properties is time barred." **See** EFL Brief at 6. This argument is based on the presumption that the trial court properly denied Liberty's petition in the first instance. In its argument, EFL admits that Liberty's petition instantly at issue was timely. **Id**. at 7. Because we have determined the trial court erred in denying that petition, and we are remanding for further proceedings pursuant to that petition, it is clear that EFL's argument is without merit. Additionally, we believe the trial court's order of October 27, 2015, that granted Liberty permission to refile the petition after this appeal was resolved, would have acted to toll to the six month time limit. Accordingly, EFL is not entitled to relief on its claim.

Therefore, we reverse the Order of October 8, 2015, denying Liberty's petition to fix fair market value based upon a lack of jurisdiction. The trial court is directed to hold a hearing on the merits of that petition as soon as practical upon the remand of the certified record.

Order reversed. This matter is remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2016